CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 01 2013

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ROBERT K. PISTNER,<br>Plaintiff, | )<br>) Civil Action No. 7:13cv00345<br>) |
| v. | ) MEMORANDUM OPINION<br>) |
| PSYCHIATRISTS AND<br>PSYCHOLOGISTS, et al.,<br>Defendants. | )<br>)<br>) By: Hon. James C. Turk<br>) Senior United States District Judge |

Robert K. Pistner, a Virginia inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983 against unspecified psychiatrists and psychologists in three different Virginia mental health facilities. The court finds that Pistner's complaint fails to state a plausible claim to relief, and, therefore, dismisses his action without prejudice under 28 U.S.C. 1915A(b)(1).

At all times pertinent to this lawsuit, Pistner was housed at Northern Virginia Mental Health Institute, Western State Hospital, or Central State Hospital.[1] Pistner is currently housed at Prince William County Adult Detention Center. Pistner claims that the defendants violated his rights under the Eighth Amendment to the United States Constitution by performing "electro-convulsive treatments" on him at Northern Virginia Mental Health Institute and placing him in "seclusion rooms," locking him indoors, and forcing him to participate in therapeutic activities at Western State Hospital. Pistner further alleges that defendants forcibly administered injectible anti-psychotic drugs, which caused serious negative health effects. However, Pistner does not specifically identify any of the psychiatrists and psychologists he claims violated his

---

[1] Pistner states he was housed at Northern Virginia Mental Health Hospital in "1980, or 1981, or 1982, or 1983" and 2008. He states he was housed at Western State Hospital from 1983 to 2008 and at Central State Hospital in 2012. Pistner is advised that because the majority of his allegations concern events that occurred more than two years ago, it may be that his claims are time barred under the applicable statute of limitations. Va. Code § 8.01-243(A); Owens v. Okure, 488 U.S. 235, 249-50 (1989). Because the court summarily dismisses this action without prejudice based on other deficiencies in the complaint, the court need not determine the possible application of the limitation period.

constitutional rights. Instead, Pistner merely states that these individuals were employed by Northern Virginia Mental Health Institute, Western State Hospital, and Central State Hospital, during the years 1980 through 2008, and 2012.[2]

In order to state a cause of action under § 1983, Pistner must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). Pistner has failed to state a claim against his defendants — "psychiatrists and psychologists." This group of individuals cannot, jointly, qualify as a "person" subject to suit in a § 1983 action. See Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989). Moreover, Pistner's general allegations of mistreatment, absent any specific facts regarding the actions taken personally by individuals in violation of his rights, is insufficient to state a cognizable § 1983 claim. Therefore, the court dismisses this action without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim.

The Clerk of the Court is directed to send copies of this memorandum opinion and the accompanying order to the parties.

ENTER: This 12th day of August, 2013.

Senior United States District Judge

---

[2] Pistner asks that the "actual names of the defendants…be provide[d] by the court." (Docket No. 1, p. 2) However, as Pistner lists only unspecified psychiatrists and psychologists who worked at three different Virginia mental health hospitals, over the span of 32 years, he has not provided sufficient information in this complaint to allow development of the facts through discovery. See Schiff v. Kennedy, 691 F.2d 196, 198 (4th Cir. Va. 1982) ("[I]f it does not appear that the true identity of an unnamed party can be discovered through discovery or through intervention by the court, the court could dismiss the action without prejudice.")

2